UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: | ) CHAPTER 13 |
| | ) |
| VERMISSA MARIE DANIELS | ) CASE NO. 18-61259-LRC |
| | ) |
| | ) |
| DEBTOR. | ) |

## CHAPTER 13 TRUSTEE'S
## OBJECTION TO CONFIRMATION & MOTION TO DISMISS

COMES NOW Melissa J. Davey, Chapter 13 Trustee, and objects to confirmation of the plan and files this motion to dismiss under 11 U.S.C. Section 1307(c), for cause, including the following reasons:

1. The plan as proposed will extend beyond sixty (60) months, contrary to 11 U.S.C. Section 1322(d).

2. The Debtor has failed to pay the Chapter 13 Plan payments to the Trustee as required by 11 U.S.C. Section 1326.

3. The Debtor has failed to file an Employment Deduction Order with Debtor's new employer.

4. In accordance with General Order Nos. 18-2015 and/or 22-2017 and the Statement of Rights and Responsibilities, the Debtor's attorney should timely provide proof of Debtor's $500.00 per month domestic support obligation income to the Chapter 13 Trustee. 11 U.S.C. Sections 521(a)(1), 1325(a)(3), 1325(a)(6), 1325(b)(1)(B) and Bankruptcy Rule 1007.

5. The Trustee requests proof of the expense for Storage World in the amount of $158.00 per month reflected on Debtor's schedules in order to determine whether the Plan complies with 11 U.S.C. Sections 1325(a)(3) and 1325(b)(1)(B).

6. The Debtor has failed to provide the Trustee with a copy of the federal income tax return for the most recent tax year ending immediately before the commencement of the instant case in violation of 11 U.S.C. Section 521(e)(2)(A)(i).

7. The Chapter 13 Plan appears to be infeasible because the budget in the Schedules fails to include an expense for renting a room for Debtor's relative in the amount of $100.00 per week. 11 U.S.C. Section 1325(a)(6).

Melissa J. Davey, Chapter 13 Trustee
Suite 200 – 260 Peachtree Street, N.W.
Atlanta, Georgia 30303
(678) 510-1444

      8.      Due to a change in circumstances since filing, Schedules I and J do not reflect Debtor's current financial situation, thereby preventing the Trustee from evaluating good faith, feasibility and disposable income contributions. 11 U.S.C. Sections 1325(a)(6), 1325(a)(3), and/or 1325(b). Debtor starts a new job at Walmart this week, making $14.85 per hour for thirty-six (36) hours per week. She testified that her vehicle needs repairs and she currently has no transportation. She no longer contributes to a 401(k).

      WHEREFORE, Trustee moves this Honorable Court to inquire into the above objections at the separately scheduled and noticed confirmation hearing, deny confirmation of the Chapter 13 plan, dismiss the case, and for such other and further relief that this Court deems just and proper.

/s/ Melissa J. Davey
Melissa J. Davey
Chapter 13 Trustee
GA Bar No. 206310

Melissa J. Davey, Chapter 13 Trustee
Suite 200 – 260 Peachtree Street, N.W.
Atlanta, Georgia 30303
(678) 510-1444

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| VERMISSA MARIE DANIELS | ) ) ) | CASE NO.: 18-61259-LRC |
| | ) | |
| DEBTOR. | ) | |

18-61259-LRC                    **CERTIFICATE OF SERVICE**

This is to certify that I have this day served:

    DEBTOR(S):
    VERMISSA MARIE DANIELS
    1848 HILLSPRING LANE
    LITHONIA, GA  30058

    DEBTOR(S) ATTORNEY:
    SLIPAKOFF & SLOMKA, PC
    OVERLOOK III, SUITE 1700
    2859 PACES FERRY RD, SE
    ATLANTA, GA  30339

in the foregoing matter with a copy of this Objection to Confirmation & Motion to Dismiss by depositing in the United States Mail a copy of same in a properly addressed envelope with adequate postage thereon.

Tuesday, August 28, 2018

/s/
Melissa J. Davey
GA Bar No. 206310
Chapter 13 Trustee
260 Peachtree Street, NW, Suite 200
Atlanta, GA 30303
Telephone:  678-510-1444
Facsimile:   678-510-1450